IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| EMMANUEL HAKIM, | Case Nos. 1:20-CR-00175; 1:21-CV-01194 |
| Defendant-Petitioner, | |
| -vs- | |
| | JUDGE PAMELA A. BARKER |
| UNITED STATES OF AMERICA, | |
| Plaintiff-Respondent. | MEMORANDUM OPINION & ORDER |

This matter comes before the Court upon Defendant-Petitioner Emmanuel Hakim's ("Hakim") *pro se* Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 dated June 15, 2021 ("Hakim's Motion"). (Doc. No. 52.) Plaintiff-Respondent the United States of America (the "Government") filed a Response in Opposition on July 22, 2021, to which Hakim objected on August 10, 2021 ("Hakim's Reply"). (Doc. Nos. 58, 60.) For the following reasons, Hakim's Motion is DENIED.

**I.  Background**

On March 4, 2020, Hakim was indicted on one count of Felon in Possession of a Firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). (Doc. No. 1.) The indictment arose from Hakim's arrest on January 1, 2020, when he was found possessing a firearm. (*Id.*) Hakim had previously been convicted of the following crimes punishable by more than one year imprisonment: (1) Drug Trafficking, on or about April 29, 2013, in case number CR-13-570319 in Cuyahoga County Common Pleas Court, and (2) Drug Trafficking, on or about October 11, 2006, in case number CR-04-450354 in Cuyahoga County Common Pleas Court. (*Id.*)

After initially being charged with the instant offense in state court,[1] Hakim was remanded to federal custody on September 28, 2020. (Sept. 28, 2020 Non-Doc. Minutes of Proceedings; Doc. No. 58 at 2.) At Hakim's Initial Appearance conducted on that date, the Government moved for detention. (Sept. 28, 2020 Non-Doc. Minutes of Proceedings.) On October 5, 2020, Magistrate Judge Thomas Parker conducted a Detention Hearing and ordered Hakim to remain in custody pending further proceedings. (Oct. 5, 2020 Non-Doc. Minutes of Proceedings; Doc. No. 16.) After Hakim's previous attorney withdrew his appearance, Federal Public Defender Darin Thompson was appointed to represented Hakim and entered a Notice of Appearance on October 14, 2020. (Doc. Nos. 17, 18.)

That same day, Attorney Thompson (on Hakim's behalf) filed a Notice of Discovery Request, and the next day, filed an Expedited Non-Appeal Transcript Request of the Detention Hearing Proceedings. (Doc. Nos. 19, 20.) On October 23, 2020, Attorney Thompson filed a Motion to Revoke the Detention Order, which the Government opposed. (Doc. Nos. 22, 24.) This Court denied Hakim's Motion to Revoke the Detention Order on November 5, 2020. (Doc. No. 25.)

On December 4, 2020, this Court conducted a Change of Plea Hearing at Hakim's request. (Doc. Nos. 27, 29.) At that time, Hakim withdrew his plea of not guilty and entered an Open Plea of Guilty as to Count 1 of the Indictment. (Dec. 4, 2020 Non-Doc. Minutes of Proceedings; Doc. No. 53.) During the plea hearing, this Court asked, in relevant part, the following:

> THE COURT: All right. Now, have you fully discussed with your counsel Mr. Thompson the charge to which you are expected to plead guilty; specifically, possession of a firearm and ammunition -- and/or ammunition by a convicted felon?
>
> THE HAKIM: Yes.

---

[1] Hakim was first charged in relation to the January 1, 2020 incident in *State of Ohio v. Emmanuel Junior Hakim Jr.*, Cuyahoga County Common Pleas Court Case No. CR-20-647431-A. The State of Ohio filed a Motion to Terminate Charges against Hakim on July 16, 2020 due to Hakim's pending federal indictment, which the state court granted. *Id.*

2

>THE COURT: Have you –
>
>THE HAKIM: Yes, ma'am. We discussed it.
>
>THE COURT: All right. And have you fully discussed with your counsel the case in general?
>
>THE HAKIM: Yes. Yes, ma'am.
>
>* * *
>
>THE COURT: Are you fully satisfied with the counsel, representation, and advice given to you in this case by your lawyer Mr. Thompson?
>
>THE HAKIM: Yes. He explained to me in detail, full detail that it was two pleas I would face. I would face the one plea, I forgot the name of it, where it could go outside my Guidelines, and then he explained the second plea where we can ask for less time under my Guidelines, and I took that plea. He told me –
>
>THE COURT: When you're saying that you took that plea, you decided to change your plea to the indictment based upon what's called an open plea where you could argue your sentencing as opposed to agreeing to something in a plea agreement. Is that what you mean?
>
>THE HAKIM: Yes. Yes, ma'am. I felt -- I felt good energy from the Judge, and so I said I would just take an open plea and, you know, we'd just ask for less time.

(Doc. No. 53 at 8:12-9:20.) This Court explained to Hakim the basic constitutional rights which he was forfeiting by pleading guilty. Hakim agreed to forfeit these rights. (*Id.* at 10:1-12:18.)

>Hakim was further advised of the maximum statutory penalties for the associated offense:
>
>THE COURT: All right. Mr. Hakim, I am going to advise you of the maximum statutory penalties associated with the offense to which you are expected to plead guilty. The maximum term of imprisonment is 10 years. The maximum statutory fine is $250,000. And the maximum period of supervised release is three years. Do you understand the statutory maximum penalties associated with the offense that you're expected to plead guilty to?
>
>THE HAKIM: Yes, ma'am.
>
>* * *

> THE COURT: Mr. Hakim, your sentence will be determined by a combination of advisory Sentencing Guidelines, possible authorized departures from those Guidelines, and other statutory sentencing factors. Have you and your attorney Mr. Thompson talked about how these advisory Sentencing Guidelines might apply to your case?
>
> THE HAKIM: Yes, ma'am.

(*Id.* at 13:13-16:6.) After further questioning, presentation of the facts by the Government, and argument made by Hakim's attorney that it was not Hakim who discharged the firearm, the Court determined that Hakim was fully competent and capable of entering an informed plea; that Hakim was aware of the nature of the charge and the consequences of the plea; and that the plea of guilty was a knowing and voluntary plea supported by an independent basis in fact containing each of the essential elements of the offense. (*Id.* at 23:13-21.) The Court accepted Hakim's guilty plea. (*Id.* at 23:22-23.)

The Court then conducted the Sentencing Hearing on March 23, 2021.[2] (Mar. 23, 2021 Non-Doc. Minutes of Proceedings; Doc. No. 51.) At that time, the Court recognized that Hakim's total offense level was 21, with a criminal history category of VI, which produced a guideline sentence of 77 to 96 months of imprisonment; a guideline supervised release range following imprisonment of one to three years; a guidelines fine range of $15,000 to $150,000; and a mandatory special assessment of $100. (Doc. No. 51 at 7:6-19.) The Government argued that Hakim should be sentenced within the guidelines range and that a downward variance was not appropriate. (*Id.* at 11-14.) Hakim's attorney requested a "significant" downward variance to 48 months based on 18 U.S.C. § 3553(a) factors. (*Id.* at 14-17.) After assessing the relevant facts of the case, in light of the relevant

---

[2] Previously, on December 18, 2020, Attorney Thompson filed a sealed Motion for Hakim's Temporary Release, which he supplemented on December 21, 2020. (Doc. Nos. 33, 34.) The Government filed a Response in Opposition, to which Hakim replied. (Doc. Nos. 35, 37.) This Court denied Hakim's Motion for Temporary Release on January 19, 2021. (Doc. No. 38.)

Section 3553(a) factors, including the sentencing guidelines, the Court concluded that a sentence outside the advisory guideline range was warranted and sentenced Hakim to 54 months imprisonment, which represented a 22-month downward variance from the guidelines range.  (*Id*. at 19-21.)

Hakim's attorney then requested Hakim "be given credit for the time he is currently serving." (*Id.* at 24:9-10.)  This Court granted that request and stated that the Court "will request of the [Bureau of Prisons] that Mr. Hakim be given credit for all time served relative to this matter."  (*Id.* at 24:12-16.)  When Hakim questioned the amount of credit he would receive for his time served, the Court reiterated: "That will be computed by the Bureau of Prisons.  You will be receiving credit for time served relative to this matter."  (*Id.* at 25:13-25.)  The Government and Hakim's counsel agreed, and Hakim stated his question was answered.  (*Id.* at 26:1-12.)  No appeal followed.

Now at issue is Hakim's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255, to which the Government opposed, and Hakim replied. (Doc. Nos. 52, 58, 60.)

**II.    Standard of Review**

A federal prisoner may attack the validity of his sentence by filing a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 in the district court where he was sentenced. Section 2255 sets forth four grounds upon which a federal prisoner may state a claim for relief: "[1] the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] [the sentence] is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

To warrant relief under Section 2255, a petitioner who pleaded guilty "must demonstrate the existence of an error of constitutional magnitude which had a substantial and injurious effect or influence on the guilty plea." *Griffin v. United States*, 330 F.3d 733, 736 (6th Cir. 2003) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)). A court may only grant relief if the petitioner demonstrates "a fundamental defect which inherently results in a complete miscarriage of justice." *Id.* (quoting *Davis v. United States*, 417 U.S. 333, 346 (1974)).

If a factual dispute arises, the "court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). No hearing is required, however, "if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)); *see also Napier v. United States*, 1993 WL 406795, at *2 (6th Cir. Oct. 8, 1993) ("To be entitled to a hearing, the prisoner must set forth detailed factual allegations which, if true, would entitle him to relief under § 2255."); *cf. Valentine v. United States*, 488 F.3d 325, 334 (6th Cir. 2007) (finding that the burden is met where the petitioner "offers more than a mere assertion . . . he presents a factual narrative of the events that is neither contradicted by the record nor 'inherently incredible'").

### III. Analysis

#### A. Ground One

In his first Ground for Relief, Hakim asserts that he received ineffective assistance of counsel because his counsel (1) failed to obtain credit for time served in state custody; (2) failed to appeal; and (3) failed to investigate relevant law which resulted from inattention, not reasonable strategic

6

judgment.[3] (Doc. No. 52 at 4.) The Government argues that Hakim's claims are perfunctory and undeveloped, and that Hakim was afforded effective assistance of counsel and was not prejudiced by his counsel's representation. (Doc. No. 58.)

Claims of ineffective assistance of counsel are appropriately raised in a Section 2255 motion, and a petitioner "must prove his allegation that his lawyers were constitutionally ineffective by a preponderance of the evidence." *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The well-established federal law used for assessing ineffective assistance of counsel claims is the framework set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* imposes a two-part test for determining whether counsel was unconstitutionally ineffective. *Wiggins v. Smith*, 539 U.S. 510, 521 (2003); *Williams v. Taylor*, 529 U.S. 362, 390-91 (2000). The first prong assesses counsel's performance. Under this prong, "the defendant must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687-88. In other words, a court assessing an ineffective assistance claim must "determine whether, in light of all the circumstances, the [challenged] acts or omissions were outside the wide range of professionally competent assistance." *Id.* at 690. When making this assessment, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.*

---

[3] The Court notes that, in his Motion, Hakim also asserts that counsel was ineffective for failing to argue that his federal offense should have been imposed to run concurrent to the term of imprisonment for his state offense. (Doc. No. 52.) Hakim, however, appears to have abandoned this claim in his Reply. (Doc. No. 60.) Even assuming *arguendo* that Hakim had not abandoned this argument, the Court would find it to be without merit. It is undisputed that Hakim's state charges were dismissed. U.S.S.G. § 5G1.3(c) is, therefore, inapplicable and there was no basis for Hakim's counsel to raise this issue during the sentencing proceedings herein.

Second, in order to amount to a constitutional violation, the error by counsel must have been prejudicial to Hakim. *Id.* at 691-92. To prove prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (2011).

Under *Strickland,* "counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691; *accord, e.g.*, *Wiggins*, 539 U.S. at 521-22. "[S]trategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." *Strickland*, 466 U.S. at 690-91. As the Sixth Circuit has explained, "[t]he deference a reviewing court must give to counsel's strategic decisions depends on the adequacy of the investigation underlying counsel's decisions." *Smith v. Jenkins*, 609 Fed. Appx. 285, 292 (6th Cir. 2015) (citing *Wiggins*, 539 U.S. at 521). Failure to make such an investigation "must be supported by a reasoned and deliberate determination that investigation was not warranted." *O'Hara v. Wigginton*, 24 F.3d 823, 828 (6th Cir. 1994) (interpreting *Strickland*).

The Court will address each of Hakim's ineffective assistance of counsel subclaims separately, below.

1. **Failure to obtain credit for time served in state custody**

Hakim first argues that his counsel failed to obtain credit on Hakim's behalf for time served from January 14, 2020 to September 18, 2020 while Hakim was in state custody as that time served was for "relevant conduct." (Doc. No. 52 at 4.) The Government argues that Hakim's counsel did,

in fact, seek credit for time served and thus, Hakim's counsel performance was not deficient. (Doc. No. 58 at 7-9.) The Court agrees with the Government.

At Sentencing, Hakim's counsel requested Hakim "be given credit for the time he is currently serving." (Doc. No. 51 at 24:9-10.) This Court granted that request and stated that the Court "will request of the [Bureau of Prisons] that [Hakim] be given credit for all time served relative to this matter." (*Id.* at 24:12-16.) When Hakim personally questioned the amount of credit he would receive for his time served, the Court reiterated: "That will be computed by the Bureau of Prisons. You will be receiving credit for time served relative to this matter." (*Id.* at 25:13-25.) The Government and Hakim's counsel agreed, and Hakim stated his question was answered. (*Id.* at 26:1-12.) Based on Hakim's counsel's request at sentencing, and the Court's adoption of counsel's request, Hakim cannot establish deficient performance by his counsel.[4]

### 2. Failure to appeal

Hakim next claims that "counsel was ineffective for failing to file [a] notice of appeal and petitioner never stated to counsel to not do so" relative to the time served issue. (Doc. No. 52 at 4; Doc. No. 60 at 3.) The Government argues that without a specific instruction to counsel to appeal, counsel did not perform deficiently. (Doc. No. 58 at 9.) The Court again agrees with the Government.

When counsel "disregards specific instructions from the defendant to file a notice of appeal," counsel's failure to appeal renders their performance deficient. *Garza v. Idaho*, 139 S.Ct. 738, 746

---

[4] If an issue exists as to the calculation of credits for time served, this Court lacks the authority under Section 2255 to grant relief on this issue. Rather, the Bureau of Prisons "is vested with the authority of calculating any sentencing credits to which a federal defendant may be entitled." *United States v. Collins*, 2021 WL 2826074, at *5 (N.D. Ohio July 7, 2021) (citing *United States v. Wilson*, 503 U.S. 329, 337 (1992)). To challenge decisions made by the Bureau of Prisons, an inmate must first exhaust his administrative remedies and then seek relief through a habeas petition under 28 U.S.C. § 2241. *Id.* (citing *United States v. Jalili*, 925 F.2d 889, 893-94 (6th Cir. 1991)).

(2019) (quoting *Roe v. Flores-Ortega*, 578 U.S. 470, 477 (2000)). Here, however, Hakim has not asserted, much less argued or produced any evidence that he affirmatively requested or instructed counsel to appeal. Counsel is not required to raise a non-meritorious claim on appeal, *Jalowiec v. Bradshaw*, 657 F.3d 293, 321 (6th Cir. 2011), and as stated above, the time served issue was adequately argued and addressed in this Court during Sentencing. Hakim's counsel's performance was not deficient by failing to appeal a non-meritorious issue, particularly where Hakim has presented no evidence that he, in fact, asked counsel to file an appeal.

### 3. Failure to investigate

Finally, Hakim argues that counsel failed to investigate before and during sentencing, asserting that the sentencing guidelines applied by the Court were overstated under U.S.S.G. § 4A1.3(b)(1). (Doc. No. 60 at 5.) Specifically, Hakim argues that his criminal history category should have been a category IV with a base offense level of 20. (*Id.*) Hakim also challenges the "four level enhancement" under U.S.S.G. § 2K2.1 in the record. (*Id.* at 4.) However, Hakim offers no evidence nor any argument to support his contentions that any guidelines were overstated or miscalculated. Bare assertions that the sentencing guidelines should have been applied differently, without explanation or evidence, are not enough.

Rather, the evidence in this case shows that Hakim's counsel did, in fact, argue for a significant downward variance to 48 months based on 18 U.S.C. § 3553(a) factors, including Hakim's background, positive trajectory, employment status, and circumstances surrounding the crime. (Doc. 51 at 14-17.) This Court then granted the variance downward by 22 months, and imposed a 54-month term of imprisonment, rather than the guideline sentence of 77 to 96 months of imprisonment. (*Id.*

at 21:16-24.) As such, Hakim's argument that counsel failed to investigate before and during sentencing fails.[5]

In sum, the Court finds Hakim was afforded effective assistance of counsel throughout his case. Hakim has not shown counsel's representation fell below the "objective standard of reasonableness" as required by *Strickland*. Similarly, he fails to establish that his counsel's alleged deficiencies prejudiced his defense. *Strickland*, 466 U.S. at 687. Hakim offers no showing that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.* at 694. Accordingly, Hakim's claims of ineffective assistance of counsel as set forth in Ground One are denied.

**B.     Ground Two**

In Ground Two, Hakim argues that his case should be held in abeyance or dismissed pending the Supreme Court's decision in *United States v. Gary*, 141 S.Ct. 1733 (2021). (Doc. No. 52 at 5.) One week after Hakim filed his Motion, however, the Supreme Court decided *Gary* and issued a consolidated opinion in *Greer v. United States*, 141 S.Ct. 2090 (2021). In his Reply, Hakim expressly withdraws this Ground for Relief, acknowledging both that the Supreme Court issued its decision in *Gary* and that "that decision ruled against [his] argument to challenge" his sentence herein. (Doc. No. 60 at 3-4.) Hakim then seeks "leave to amend" to withdraw Ground Two. (*Id.* at 4.)

---

[5] Further, Hakim was aware of the sentencing guidelines at issue when he entered his plea. (Doc. No. 53 at 13:3-16:6.) The Court explained the maximum statutory penalties for the associated offense, and informed Hakim that his "sentence will be determined by a combination of advisory Sentencing Guidelines, possible authorized departures from those Guidelines, and other statutory sentencing factors." (*Id.*) Hakim acknowledged that he had discussed those issues with his counsel. (*Id.*) When asked by the Court if Hakim was fully satisfied with his counsel, representation, and advice given to him by his counsel, Hakim said yes, and that he had fully discussed the plea with counsel and determined that he "would just take an open plea and, you know, we'd just ask for less time." (*Id.* at 8:12-9:20.)

11

Hakim's request to withdraw Ground Two is granted and the Court will, therefore, not consider it herein.

### C. Evidentiary Hearing

While it is not clear to the Court that Hakim seeks an evidentiary hearing on his Motion, the Court nevertheless has considered the issue and determined that he is not entitled to one. The burden borne by a Section 2255 petitioner to obtain an evidentiary hearing is not especially onerous. *See Smith v. United States*, 348 F.3d 545, 551 (6th Cir. 2003). Nonetheless, conclusory allegations do not entitle a petitioner to an evidentiary hearing. *See Amr v. United States*, 280 Fed. Appx. 480, 485 (6th Cir. 2008) (holding that an evidentiary hearing was "unnecessary" where there was "nothing in the record to indicate that Defendant would be able to prove his allegations at an evidentiary hearing"); *see also United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989).

The Court finds that an evidentiary hearing is not warranted in the present case. As set forth in detail above, the allegations offered in support of the present motion are either contradicted by the record or amount to "bald assertions and conclusory allegations" that fail to demonstrate that Hakim is entitled to relief from his judgment. *See Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001). Thus, Hakim is not entitled to an evidentiary hearing.

### IV. CONCLUSION

For the foregoing reasons, Hakim's Motion to Vacate, Set Aside, or Correct his Sentence under Section 2255 (Doc. No. 52) is denied. Further, the Court certifies that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).

**IT IS SO ORDERED.**

Date: April 28, 2022

                                                        *s/Pamela A. Barker*
                                                        PAMELA A. BARKER
                                                        U. S. DISTRICT JUDGE